UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ELAINE OLSON, individually and on behalf of all
other similarly situated,

               Plaintiff,                                   OPINION AND ORDER

         - v-                                         02-CV-5873 (NG) (CLP)

BRIAN J. WING, as the Commissioner of the Office
of Temporary and Disability Assistance of the New
York State Department of Family Assistance,
ANTONIA C. NOVELLO, M.D., as Commissioner
of the New York State Department of Health, and
VERNA EGGLESTON, as Commissioner of the
New York City Department of Social Services,

               Defendants.
------------------------------------------------------------------------x

**GERSHON, United States District Judge:**

Plaintiff Elaine Olson brings this class action for declaratory and injunctive relief against Defendants Brian Wing, Commissioner of the Office of Temporary and Disability Assistance of the New York State Department of Family Assistance and Antonia C. Novello, M.D., Commissioner of the New York State Department of Health (collectively, "state defendants"), and Verna Eggleston, Commissioner of the New York City Department of Social Services ("city defendant"), alleging violations of the Due Process and Equal Protection Clauses of the United States Constitution and disability discrimination in violation of 29 U.S.C. § 794(a). A preliminary injunction was entered in February 2003. *See Olson v. Wing*, 281 F. Supp. 2d 476 (E.D.N.Y. 2003); Additional Preliminary Injunction, Docket Entry #34, February 26, 2003. Now before the court are plaintiff's motion for class certification pursuant to Fed. R. Civ. P. 23 and defendants' motions to dismiss or, alternatively, to preclude plaintiff from presenting evidence in support of her motion for

1

class certification.

## I. BACKGROUND

The underlying facts in this case have been set forth in a previous opinion and familiarity with them is assumed. *See Olson*, 281 F. Supp. 2d at 480-83. Thus, the facts below are limited to those bearing on the motions currently before the court.

At the time this court granted plaintiff's request for a preliminary injunction, on February 14, 2003, the parties were directed "to submit either an agreement on class certification for the approval of the court or a schedule for the briefing of a motion for class certification" and "to advise the court as to whether they seek any additional discovery and to propose a schedule for its prompt completion." *Olson*, 281 F. Supp. 2d at 490. The parties were unable to come to an agreement on class certification, and on April 24, 2003, plaintiff filed a motion for class certification.

Defendants then sought discovery concerning Ms. Olson's adequacy as a class representative. Even though several deposition dates were scheduled and defendants accommodated plaintiff's various requests that her deposition be rescheduled, taken at her home and on written questions, defendants were prevented from deposing plaintiff. Plaintiff consistently cancelled the scheduled depositions for several reasons, including reasons that implicated her mental health.

Plaintiff's counsel contacted Dr. Edward J. Linehan, who, on January 17, 2004, evaluated plaintiff for approximately an hour and found that plaintiff was mildly mentally retarded. Dr. Linehan recommended that the court appoint a guardian ad litem to protect plaintiff's interests. Dr. Linehan, however, did opine that plaintiff "clearly demonstrated a general understanding and vested interest in the litigation and wished to remain in it as the named plaintiff."

On March 11, 2004, based on Dr. Linehan's evaluation, plaintiff's counsel requested that the

Honorable Cheryl L. Pollak, Magistrate Judge, appoint a guardian ad litem. Judge Pollak scheduled a competency hearing and ordered that, if defendants wanted to conduct their own psychological evaluation of plaintiff, they do so at plaintiff's home. Defendants retained Dr. Wilfred G. van Gorp, who expressed reservations about Dr. Linehan's conclusions and stated that it would be necessary for him to examine plaintiff, review her medical and educational records, and interview a family member to form an opinion. Despite scheduling various appointments to examine her, Dr. van Gorp was never permitted to examine plaintiff because she, through her counsel, cancelled the scheduled meetings. Finally, on September 22, 2004, Judge Pollak ordered plaintiff to appear for a psychological examination by November 5, 2004, and further ordered that, if plaintiff failed to appear, defendants should file their response to plaintiff's motion for class certification and their motions to dismiss. Not surprisingly, plaintiff again made herself unavailable for an evaluation. All motions have now been fully briefed.

It now has been over three years since this court's order granting plaintiff's request for a preliminary injunction, and it is undisputed that the Disaster Relief Medicaid ("DRM") program has expired and that the transition to traditional Medicaid has been complete for a year. Although plaintiff has not made herself available for a deposition or for a psychological evaluation by defendants' doctor, plaintiff's counsel has not sought to add any other named plaintiff in this action. Plaintiff's counsel represents that he has been unable to find another named plaintiff to represent the proposed class, and he has not added as named plaintiffs either of the two class members identified in this court's previous opinion. *See Olson*, 281 F. Supp. 2d at 483.

## II. DISCUSSION

### A. Motions to Dismiss

All defendants move to dismiss on the grounds that plaintiff's claims are moot and that plaintiff has failed to prosecute this action and to comply with court-ordered discovery. The State defendants also claim 11th Amendment immunity. The City defendant argues that plaintiff fails to state a claim against her.

In my previous opinion, I held that, although the named plaintiff had been granted the benefits she sought, the action was not rendered moot as to all class members because their claims were inherently transitory in nature and were thus within the exception to the mootness doctrine providing that class actions need not be deemed moot where they are moot as to the named plaintiff but clearly persist as to the remaining class members. *Olson*, 281 F. Supp. 2d at 484. The defendants again call upon this court to determine whether this action is moot, noting that it is undisputed that the DRM program has expired and that the transition to traditional Medicaid is complete. In addition, at oral argument, defendants argued that the preliminary injunction issued by this court fully remedied any injuries the remaining class members may have sustained. It is unnecessary, however, for this court to decide whether the claim is moot with respect to all class members. As is explained below, the court denies plaintiff's motion for class certification because she is not an adequate representative, and no other named plaintiff has emerged in three years. Because no class can be certified, and because it is undisputed that plaintiff's individual claims are moot, the court grants defendants' motions to dismiss the case as moot. I therefore do not decide the other grounds for defendants' motions to dismiss.

### B. Motion for Class Certification

Plaintiff moves for certification of a plaintiff class and subclass. Plaintiff defines the proposed plaintiff class as:

> All New York City residents who[:]
> (a) applied and were approved for Medicaid coverage from mid-September 2001 through January 31, 2002 under the Disaster Relief Medicaid ("DRM") application procedures, and
> (b) received, or will receive, a Medicaid termination notice that did not inform them of the circumstances under which their Medicaid coverage would be continued if they requested a fair hearing, and
> (c) suffered, or will suffer, the cessation of their Medicaid coverage absent a pre-termination fair hearing, and
> (d) have not received a Fair Hearing Decision that affirmed the termination of their Medicaid coverage.

Plaintiff defines the proposed subclass as:

> All class members who:
> (a) were unable to keep their face-to-face interview appointments at the Human Resources Administration's offices due to disability, and
> (b) contacted, or attempted to contact, the New York City Human Resources Administration to request that the interviews be conducted in their homes or institutional residences, and
> (c) were not afforded an opportunity to be interviewed in their homes or institutional residences.

Under Fed. R. Civ. P. 23(a), the party seeking class certification bears the burden of demonstrating, among other things, that the representative party will fairly and adequately protect the interests of the class. *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 291 (2d Cir. 1999); *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1077-78 (2d Cir. 1995). In addition to deciding whether a representative has adequate knowledge of the case, courts may consider the honesty and trustworthiness of the representative when determining the adequacy of representation. *People United for Children, Inc. v. City of New York*, 214 F.R.D. 252, 263-64 (S.D.N.Y. 2003). While the threshold of knowledge a representative plaintiff must possess in a complex case, to be

deemed adequate, is low, it still must be sufficient to meet the demands of ensuring adequate representation for absent class members. *In re Lloyd's American Trust Fund Litigation*, No. 96-CV-1262, 1998 WL 50211 (S.D.N.Y. 1998).

For three years plaintiff has failed to comply with the orders for discovery issued by Judge Pollak to determine whether she is adequate. It is apparent from Judge Pollak's orders that she approached the discovery issues with care and sensitivity to the needs of Ms. Olson. None of her orders was appealed. Despite the fact that defendants, and the court, accommodated plaintiff's various requests that the deposition be rescheduled, taken by written questions, and taken at her home, plaintiff has not allowed defendants to depose her. As a result, defendants were prevented from obtaining any information regarding plaintiff's adequacy as a class representative. Absent any information to make the determination required under Fed. R. Civ. P. 23(a), this court cannot find plaintiff to be an adequate representative. Although plaintiff asserts that, according to Dr. Linehan, she has general knowledge and an understanding of the case, she has made herself unavailable for an evaluation by defendants' doctor, Dr. von Gorp., to confirm that assertion.

Since plaintiff has not submitted to an evaluation by defendants' doctor, plaintiff's request that this court appoint a guardian ad litem until an adequate representative can be found also is denied. Although Judge Pollak provided plaintiff with the opportunity for a competency hearing, one could not be held because plaintiff did not submit to an evaluation by defendants' doctors. Plaintiff's request for additional time to find an adequate representative is likewise rejected. Plaintiff's counsel has had three years to find and add another adequate named plaintiff; none has been named.

In sum, because of plaintiff's own conduct the court cannot determine whether she has

sufficient knowledge to proceed or whether she needs a guardian. Under these circumstances, she cannot proceed as a class representative.

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion for class certification is denied. Because plaintiff's motion for class certification is denied and plaintiff's individual claim is indisputedly moot, defendants' motions to dismiss the case for mootness are granted. The Clerk of Court is directed to enter judgment accordingly.

If the parties cannot agree, plaintiff shall make any application for reasonable attorney's fees no later than April 28, 2006. Opposition papers should be filed no later than May 26, 2006.

**SO ORDERED.**

/s/
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
March 27, 2006