UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ELAINE OLSON, individually and on behalf of all
other similarly situated,

              Plaintiff,                            OPINION AND ORDER

        - v-                                       02-CV-5873 (NG) (CLP)

BRIAN J. WING, as the Commissioner of the Office
of Temporary and Disability Assistance of the New
York State Department of Family Assistance,
ANTONIA C. NOVELLO, M.D., as Commissioner
of the New York State Department of Health, and
VERNA EGGLESTON, as Commissioner of the
New York City Department of Social Services,

              Defendants.
------------------------------------------------------------------------x

**GERSHON, United States District Judge:**

Plaintiff seeks attorney's fees of $97,350 for 354 hours of work at the rate of $275 an hour plus $5,395.73 in expenses for having obtained preliminary injunctive relief on behalf of a putative class of Disaster Relief Medicaid ("DRM") recipients whose benefits had been terminated but who had not received notice of, or the right to, continuation of benefits during the pendency of a fair hearing ("aid-continuing"). *See Olson v. Wing*, 281 F. Supp. 2d 476 (E.D.N.Y. 2003), and Additional Preliminary Injunction, Docket Entry # 34, Feb. 26, 2003, *aff'd*, 66 Fed. Appx. 275 (2d Cir. 2003). The defendants, the City and State of New York, oppose any award on the grounds that the court has no jurisdiction; the plaintiff was not the prevailing party; and an award would be unjust. Alternatively, they argue that the fees requested should be significantly reduced.

**Subject Matter Jurisdiction**

This court has subject matter jurisdiction over the request for fees. Contrary to defendants' argument, there was no voluntary action on the part of the defendants making this case moot prior to plaintiff bringing this action. Plaintiff's claims did not become moot until after the complaint was filed.

Defendants also argue that plaintiff cannot obtain attorney's fees because the preliminary injunctive relief was awarded to members of a putative class who were not represented by her counsel, as no class had yet been certified, and in fact no class was ever certified. *See Olson v. Wing*, No. 02-CV-5873, 2006 WL 842386 (E.D.N.Y. Mar. 27, 2006). This argument is rejected, as it is clear that plaintiff's counsel was performing services for a putative class identified in the court's orders and that the relief, of necessity, given the urgency of the need for preliminary relief, was granted prior to the conclusion of proceedings on class certification. That class certification ultimately was not granted for reasons unrelated to the merits of the case does not alter this conclusion.

**Prevailing Party**

A prevailing party may obtain attorney's fees in this type of case where a court order has effected a material alteration in the legal relationship of the parties. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 604 (2001). Here, plaintiff prevailed by obtaining class-wide preliminary injunctive relief. Defendants do not dispute the continued vitality of the doctrine of *Haley v. Pataki*, 106 F.3d 478 (2d Cir. 1997), that preliminary relief may be a basis for an award of attorney's fees, even where no ultimate relief is awarded. *See Vacchio v. Ashcroft*, 404 F.3d 663, 672-74 (2d Cir. 2005). That doctrine is fully applicable in this case.

Defendants, who now attempt to minimize the significance of the preliminary injunction,

took a different stance when the question of entering such an injunction was before the court. Indeed, the plaintiff prevailed to such an extent that, according to the defendants, the preliminary injunction remedied any injuries that the remaining putative class members may have sustained. *See Olson*, 2006 WL 8442386, at *2. The preliminary injunction orders were based upon a finding of irreparable harm and an analysis of the merits of plaintiff's due process claims, as well as a consideration of the equities. Under these circumstances, plaintiff is found to be a prevailing party to the extent of the relief awarded preliminarily.

**An Award Will Not Be Unjust**

As in the *Haley* case, plaintiff here obtained preliminary injunctive relief that remained in place until the practice which plaintiff was challenging had expired because of the passage of time. It is true that other, retrospective relief, sought in the amended complaint, was not obtained, but that does not alter the fact that the legal relationship between the defendants and a large number of DRM recipients who obtained prospective relief, including notice and aid-continuing, occurred as the result of the efforts of plaintiff's counsel. That relief was not, as defendants argue, *de minimis*.

Defendants' suggestion that plaintiff's counsel had an obligation, before seeking fees, to determine the nature of the medical care obtained with the aid-continuing in order to establish that the preliminary injunction had value warranting attorney's fees is rejected. This court's findings as to the irreparable harm faced by members of the proposed class, absent the lack of notice and aid-continuing that was ordered, and as to the likelihood of plaintiff's success on the merits, amply establishes the value of the preliminary relief obtained. No "after-the-fact" analysis of the effect of the relief granted should be undertaken. Indeed, were defendants' suggestion adopted, a plaintiff's attorney would be forced to expend still further fees. In any event, even if it were appropriate to

3

undertake the type of analysis urged by defendants, the State's own compliance report, setting forth the impact of the preliminary injunctive relief, establishes not only that all of those entitled to the notice required by the court received the notice, but also that numerous individuals received the aid-continuing also required by the court. *See* City's Memo. in Opp. at 6 (stating that "no more than seventy DRM recipients received aid-continuing"). Defendants' continued reliance on the "look-back" provisions of traditional Medicaid, under which an applicant who is determined eligible for Medicaid as a result of a fair hearing is entitled to retroactive benefits for the three months preceding the date of his or her original application, remains in error. This court has already described why the "look-back" provision provided no answer to the need for aid-continuing to DRM recipients who were awaiting a fair hearing. *See Olson*, 281 F. Supp. 2d at 486. For the same reason, attorney's fees should not be denied to plaintiff who obtained the required relief.

Nor should fees be denied because of alleged misconduct by plaintiff. This court's decision denying class certification and granting a motion to dismiss because of the mootness of the named plaintiff's claims fully sets forth the reasons for those rulings, none of which justify denying fees for the obtaining of preliminary injunctive relief. *See Olson*, 2006 WL 8442386.

**Reasonableness of the Fee Request**

To begin with, the court approves the proposed rate of $275 an hour for plaintiff's counsel, who is highly qualified and experienced in the area. As for the reasonableness of the hours expended, it must be remembered that defendants vigorously fought the award of relief both in this court and in the Court of Appeals. Defendants' argument that counsel's preparation of the pleadings is non-compensable because only preliminary relief was awarded is rejected. Obviously, no preliminary relief could have been awarded had there been no complaint.

However, hours spent on legal work not necessary to obtaining the preliminary injunctive relief awarded is not compensable. Thus, 2 hours and 5 minutes for preparation of plaintiff Olson's deposition, which through no fault of the defendants never occurred, will not be compensated. Plaintiff's argument that, because the preparation occurred prior to the Second Circuit's affirmance of preliminary relief, it should be compensated, is rejected. The only relief obtained was preliminary relief, and preparation for plaintiff's deposition had no role in obtaining that relief. For the same reason, the 23 hours and 15 minutes devoted to other discovery efforts taken after the award of preliminary relief is also not compensable. Finally, counsel's unsuccessful efforts to locate other potential intervenors, consuming some 16 hours and 45 minutes, is not compensable, given the ultimate resolution of this case. Thus, 42 hours and 5 minutes, totaling fees of $11,572.92 will be subtracted from the request. Thus, plaintiff is awarded $ 85,777.08 in attorney's fees.

**Expenses**

The request for expenses of $3,715.75 for Mr. Doyle's services as a paralegal is reduced by 75% to $ 928.94. Review of Mr. Doyle's time records confirms that much of his work for Ms. Olson was non-compensable work as a social worker and that some of his claimed legal work occurred after entry of preliminary relief. In addition, to the extent that he billed for legal research during the compensable period, some of the amounts claimed for the work done are excessive.

The request for the remaining expenses of $ 1,679.98 is reduced by 15% to $1,427.98 to reflect that some requests are not sufficiently explained or justified. Thus, a total of $ 2,356.92 in expenses will be awarded.

**Joint and Several Liability**

Neither defendant has addressed plaintiff's claim that the award should be joint and several against both defendants. Based upon the court's understanding of the positions of the parties throughout the litigation, such an award is entirely appropriate.

**Conclusion**

Plaintiff is granted an award of attorney's fees of $ $ 85,777.08 and expenses of $ 2,356.92, for a total monetary award of $ 88,134, against defendants, jointly and severally, to be paid within 60 days.

        **SO ORDERED.**

        /s/

        **NINA GERSHON**
        **United States District Judge**

Dated: March 2, 2007
      Brooklyn, New York